IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **FRED WILLIAMS**, <br><br> Plaintiff, <br><br> v. <br><br> **REBECCA BRAZIL AND TRACY LONG**, <br><br> Defendants. | Civil Action No. 7:19-CV-157 (HL) |

**ORDER**

Plaintiff Fred Williams filed this pro se action on September 18, 2019 seeking damages for alleged civil rights violations. (Doc. 1). The Court granted Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. 4). In the Court's Order, the Court requested Plaintiff to file an amended complaint to verify the disposition of his criminal case. (*Id.*). Plaintiff filed his amended complaint on June 25, 2020. (Doc. 5). Having reviewed Plaintiff's amended complaint, the Court finds that Plaintiff failed to state a claim for malicious prosecution. Accordingly, his complaint is **DISMISSED**.

**I.     PRELIMINARY SCREENING**

    **A.     Standard of Review**

Because Plaintiff is proceeding IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). *See also Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) ("[A]n action is frivolous if it is without arguable merit either in law or fact." (quotation marks and citation omitted)). A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, pro se "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

**B.   Factual Allegations**

Plaintiff brings a 42 U.S.C. § 1983 civil rights claim alleging law enforcement misconduct against Defendants Rebecca Brazil and Tracy Long. (Doc. 1). Defendants investigated an alleged aggravated battery at Plaintiff's residence. On December 4, 2018, Defendant Long, an investigator, requested crime scene services from the Forensic Investigation Unit. (Doc. 1-3). Defendant Brazil, a crime scene technician deputy with the Forensic Investigation Unit, responded to the scene at Plaintiff's residence. (*Id.*). That same day, Defendant Brazil took photos

of the scene, and Defendant Long seized a folding table, or "TV tray," to be submitted to the Thomas County Identification Lab for further analysis. (*Id.*).

The table remained in law enforcement custody, and on December 17, 2018, Defendant Brazil took more photos of the folding table. (*Id.*). According to the investigation report, this time Defendant Brazil noticed "a red substance" on the table's metal legs and on the back of the table. (*Id.*). The investigation report indicates that the red substance "appeared to be consistent with blood." (*Id.*). Defendant Long requested testing for the presence of human blood on the table, and Defendant Brazil performed the test. (*Id.*). The test returned a positive result, indicating that the red substance on the table was, indeed, human blood. (*Id.*).

Plaintiff now alleges that Defendants falsified and tampered with the evidence. (Doc. 1-1). According to Plaintiff, on December 4 when Defendants first investigated the scene, neither Defendant suggested that any blood was present on the table. (*Id.*). When Defendant Brazil took additional photos of the table nearly two weeks later, however, blood appeared. (*Id.*). Plaintiff alleges that Defendants planted the substance and manufactured a positive test for human blood while the table was in law enforcement custody. (*Id.*). According to Plaintiff, the table had been on his porch for almost a year, and no blood appeared on the table until after Defendants seized it as evidence. (*Id.*). Plaintiff indicates that he was held for three months on criminal charges. (Doc. 1, p. 5). He requests that this Court end the proceedings against him and award him damages for his suffering. (*Id.*).

## C.     Analysis

Although Plaintiff does not specifically label his claim, the Court construes his allegations to assert a malicious prosecution claim. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of h[is] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Plaintiff has sufficiently alleged a Fourth Amendment violation because he asserts that he was illegally detained for three months as a result of Defendants' fabrication of evidence. *See Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996) (finding a "legitimate section 1983 claim" where "the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained"). The Court next turns to whether Plaintiff has alleged a malicious prosecution in tort law.

To establish a malicious prosecution claim, Georgia law requires: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." *Wal-Mart Stores, Inc. v. Blackford*, 264 Ga. 612, 613 (1994). The Court is satisfied that Plaintiff has alleged nearly all the elements of malicious prosecution. Plaintiff's Complaint is clear that criminal proceedings were initiated against him, and according to Plaintiff, his prosecution relied solely on law enforcement's fabricated evidence. *See Vojnovic v. Brants*, 272 Ga. App. 475, 478 (2005) ("[M]alice may be

4

inferred in the absence of probable cause."). Thus, he has alleged that there was a criminal prosecution against him, it was instigated without probable cause and with malice, and under accusations by law enforcement. He also has sufficiently alleged that he has suffered because of the prosecution. While detained, Plaintiff lacked access to his antidepressants for two weeks. (Doc. 1, p. 5). During that time, he attempted suicide. (*Id.*). Even after his release, Plaintiff suffers nightmares recalling his stay in prison. (*Id.*). Furthermore, Plaintiff alleges that his blood pressure is now "uncontrollable." (*Id.*). That leaves the Court to consider whether the fifth element—requiring that the criminal proceedings terminated in favor of the defendant—has been sufficiently alleged.

Under Georgia law, to succeed on a malicious prosecution claim, the plaintiff must prove "a favorable termination of the underlying prosecution." *Heflin v. Goodman*, 288 Ga. App. 454, 455 (2007). If the criminal case against the plaintiff is still pending, then the malicious prosecution claim fails. *Id.* at 456. Additionally, if the prosecution is terminated "by compromise and agreement of the parties, [then] it has not terminated in favor of the plaintiff." *Sherrill v. Stockel*, 252 Ga. App. 276, 279 (2001) (quotation marks omitted). In Plaintiff's amended complaint, he indicated that prosecutors "dropped the aggravated battery and kept the simple battery charges." (Doc. 5, p. 1). He also referred the Court to another pending case where he is a plaintiff, *Williams v. Long*, 7:19-CV-37 (HL). Plaintiff informed the Court that he filed a copy of the final disposition of his criminal case in that pending civil suit. (Doc. 5, p. 1–2).

The final disposition form shows that Plaintiff pled guilty to a single battery charge. A second battery charge was disposed of by "nol pros." Withdrawal of that charge by "nol pros" is insufficient to state a malicious prosecution claim when the evidence indicates that it was withdrawn in agreement with Plaintiff's guilty plea. Entering a guilty plea amounts to a compromise because the defendant's counsel and the prosecutor negotiated the terms of the plea. By entering the plea, the defendant has agreed to the negotiated terms. And the Eleventh Circuit has stated that "withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination." *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998); *see Heflin*, 288 Ga. App. at 456 ("Evidence that a prosecution is terminated as a result of a compromise or a settlement between the parties is fatal to the claim."). Plaintiff cannot establish the fifth element of malicious prosecution. Therefore, the Court finds that he has failed to state a claim for which this Court could grant relief.

## II.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a malicious prosecution claim. Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 14th day of July, 2020.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac